Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,                                      Case No.: 17-cv-6342

       Plaintiff,                       **ECF CASE**

    v.                                           **COMPLAINT AND JURY DEMAND**
                 **FOR DAMAGES FOR COPYRIGHT**
MRSCB, INC. d/b/a SEMONIN REALTORS,  **INFRINGEMENT**

       Defendant.
-----------------------------------------------------------------x

   Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant MRSCB, INC. d/b/a SEMONIN REALTORS ("MRSCB") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

   1. Defendant created and distributed one advertisement (the "Subject Advertisement"), which synchronized plaintiff's copyrighted recording Twelve Days awake, U.S. Registration No. SR 708-514, without a license.

2. Defendant continued to intentionally infringe plaintiff's exclusive rights set forth in Section 106 of the Act after it was served with multiple notices of the infringement.

3. Defendant's infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade. MRSCB generates revenue through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

7. MRSCB frequently places advertisements in the New York Times in order to target individuals in New York, and this Judicial District.

8. MRSCB generates a significant amount of income from New York state and this Judicial District.

### This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

9. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if

it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

10. Defendant synchronized, reproduced, and distributed the Subject Advertisement through websites like YouTube. This is a tort (copyright infringement) committed without the state.

11. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

12. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

13. **Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

14. Defendant was expressly told there was no license for any use early in September 2017. Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Compositions without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

15. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

16. PARTIES

17. At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of

music publishing and otherwise commercially exploiting its copyrighted sound recordings of the band *The American Dollar*.

18. Upon information and belief, defendant MRSCB Inc. d/b/a Semonin Realtors is a corporation organized under the laws of Kentucky, with a principal place of business located at 600 N Hurstbourne Pkwy, Suite 200 Louisville, KY 40222.

## FACTS

19. Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with U.S. Copyright Registration No. SR 708-514 which is for the musical compositions and sound recording titled *Twelve Days Awake*. Plaintiff's U.S. Registrations and assignment are attached as **Exhibit 1** and **Exhibit 2**.

20. Plaintiff is comprised of two professional musicians from Queens. The two managing members of plaintiff are Richard Cupolo and John Emanuele, who are also the only two members of the band "The American Dollar". Messrs. Cupolo and Emanuele formed "The American Dollar" shortly after graduating college. Within three years, both Cupolo and Emanuele were successful enough to earn a living solely from their music.

21. Soon after making the transition to full-time musicians, it became apparent that licensing was going to be the key to the bands revenue generation. Yesh Music, LLC was formed to handle all of the licensing requests. Cupolo and Emanuele assigned all of their rights to their recordings to Yesh Music, LLC.

22. On or about September 6, 2017, plaintiff discovered the Subject Advertisement which was created by defendant, and synchronizes plaintiff's Copyrighted Composition.

23. The Subject Advertisement, which is still available to the public on the date of this Complaint, can be found at: https://www.youtube.com/watch?v=9nEtV0IGDqI.

24. Upon information and belief, MRSCB produced the advertisement for itself, synchronizing plaintiff's Copyrighted Compositions without a synchronization, sound recording, or publishing license. MRSCB caused the Subject Advertisements to be transmitted to the public for performance on its YouTube page.

25. On or about September 7, 2017, plaintiff reached out to MRSCB by emails to both MRSCB and its agent informing them they were infringing plaintiff's rights.

26. Defendant MRSCB elected to continue to infringe plaintiff's rights after receiving the notice.

27. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

29. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

30. Defendant, without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video advertisement embodying plaintiff's Copyrighted Composition.

31. Defendant refused to stop distributing the Subject Advertisement after notice.

32. Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

33. Defendant's use of the Copyrighted Compositions was not for criticism, comment, news reporting, teaching, scholarship, or research.

34. Defendant's use was not transformative.

35. Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Compositions, using the entirety of each song, without a license.

36. Defendant released the Subject Advertisement as an advertisement for defendant's on the web.

37. Defendant has intentionality infringed plaintiff's rights.

38. As a direct and proximate result of defendant's infringements, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998

39. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

40. Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b)."

6

41. Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

42. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

43. The defendant violated the DMCA each time it wrongfully distributed the Subject Advertisement.

44. Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Compositions, removing and/or altering their anti-circumvention software.

45. Defendant did the forgoing with the intent to conceal the infringement.

46. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

7

     5.     pre- and post-judgment interest to the extent allowable;

     6.     such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 31, 2017                    **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)